# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1348-GW-SHKx | Date | September 30, 2019 |
|---|---|---|---|
| Title | *United States Secretary of Housing and Urban Development v. Jose Rangel et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION FOR REMAND [12]**

On July 23, 2019, Defendant Jose Rangel ("Rangel") removed this unlawful detainer action to federal court on the purported basis of federal question jurisdiction. *See* Notice of Removal-Federal Question ("NoR"), Docket No. 1. On August 21, 2019, Plaintiff filed a motion to remand. *See* Plaintiff's Motion for Remand ("MFR"), Docket No. 8. The MFR was stricken from the docket due to a procedural deficiency. Plaintiff filed a substantively identical motion which remedied the deficiency on September 3, 2019. *See* Plaintiff's Second Amended Motion for Remand ("AMFR"), Docket No. 13. Rangel did not oppose the motion. Plaintiff argues that the case should be remanded because the NoR was untimely, and because the asserted basis for federal jurisdiction, a possible defense created by federal law, does not turn a state law claim into a federal question. *See id.* ¶ 9.

According to 28 U.S.C. § 1446(b), a defendant has 30 days after receiving the initial pleading or summons, or after receiving notice of removability, to file a notice of removal. Rangel clearly failed to file a notice of removal within 30 days after receipt of the initial pleading. The Superior Court found that Rangel officially accepted service of the initial pleading when he filed a prejudgment claim on April 30, 2019. *See* AMFR, Ex. D, at 2. He did not file a notice of removal in federal court until nearly three months later. Nor did Rangel assert that he learned of facts establishing removability after accepting service of the complaint. Thus, the notice of removal was untimely.

Under 28 U.S.C. § 1447(c) "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Plaintiff failed to file a defect-free motion to remand within the 30 day time frame, but this failure is "not fatal." *Bilbruck v. BNSF Railway Co.*, 243 Fed. Appx. 293, 295 (9th Cir. 2007). "Although § 1447(c)'s thirty-day deadline is plainly mandatory, the deadline does not render a timely filed motion to remand untimely simply because the movant is required to amend that motion to comply with a local

:

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1348-GW-SHKx | Date | September 30, 2019 |
|---|---|---|---|
| Title | *United States Secretary of Housing and Urban Development v. Jose Rangel et al.* | | |

rule." *Id.* Rangel did not oppose the motion and the Court identifies no prejudice arising from the minor delay in receiving the amended remand motion. Thus, the motion to remand was timely filed, and the Plaintiff did not waive its ability to challenge Defendant's untimely removal notice.

    Thus, the Court would forthwith remand this case to the Superior Court of California, County of San Bernadino, for further proceedings. All previously set dates in this matter are taken off-calendar.

:

Initials of Preparer    JG